**CASE NO. 26-4035**

# UNITED STATES COURT OF APPEALS
## FOR THE
## SIXTH CIRCUIT

**George McIntyre,**
*Plaintiff-Appellant*

v.

**Little Miami School District, et al.,**
*Defendants-Appellees*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
Civil Action No. 1:26-cv-00351-MWM
Honorable Matthew W. McFarland, United States District Judge, presiding

# MOTION FOR EXPEDITED BRIEFING AND ORAL ARGUMENT

/s/ Joshua Adam Engel
Joshua Adam Engel (OH 0075769)
ENGEL & MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

## CORPORATE DISCLOSURE

Appellant is not a subsidiary or affiliate of a publicly owned corporation. There is no publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome.

## RELIEF SOUGHT

Pursuant to Fed. R. App. P. 2 and 27, 6 Cir. R. 27(f), and 28 U.S.C. § 1657, Appellant moves this Court to expedite the briefing and oral argument in this matter. Appellant respectfully suggests that the Court would benefit from hearing oral argument in this matter. This case raises an issue of significant concern: the ability of public school districts to limit teacher classroom speech following the Supreme Court's decision in *Kennedy v. Bremerton School Dist.*, 597 U.S. 507 (2022). The *Kennedy* Court cautioned against what the District Court appears to have done in this case, "treating everything teachers… say in the workplace as government speech subject to government control." 597 U.S. at 509. *Compare* Order, Doc.51, PageID#3548-3549. Appellant believes oral argument will assist the Court in its analysis of the disputed issues presented on appeal and will enable counsel to address any questions the Court may have, particularly about the impact of the *Kennedy* decision to the facts of this case.

Appellant requests that the Court set a briefing schedule which would permit oral argument during the Court's oral argument sessions the week of January 25, 2027, or February 1, 2027.[1]

Appellant respectfully suggests the following briefing schedule:

- Appellant's Brief: December 7, 2026

---

[1] Counsel is not available on January 25, 2026.

- Appellee's Brief: December 28, 2026
- Appellant's Reply Brief: January 11, 2026

## ARGUMENT

### A. STANDARD

The Court has the authority to expedite consideration of this appeal, which includes the denial of a motion for preliminary injunction, for good cause pursuant to Fed. R. App. P. 2 and 27, and 6 Cir. R. 27(f). This is consistent with 28 U.S.C. § 1657, which provides that "the court shall expedite the consideration of any action… for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown."

### B. Procedural and Factual Background

This case involves the application of the test for government employee speech following the Supreme Court's decision in *Kennedy, supra*. *See Connick v. Myers*, 461 U.S. 138, 140 (1983); *Garcetti v. Ceballos*, 547 U.S. 410 (2006); *Pickering v. Board of Education*, 391 U.S. 563 (1968). Under this test, the Court must weigh the Plaintiff's free speech interest in displaying a Hate Has No Home Here Flag against the interest of the District, as an employer, in promoting the efficiency of the public services. *Leary v. Daeschner*, 228 F.3d 729, 737 (6th Cir. 2000), *citing Pickering*, 391 U.S. at 568.

Appellant George McIntyre is a history teacher for the Little Miami School District. Appellee Little Miami School District is a local school district in southern Warren County,

Ohio; Appellee David Wallace is a member of the School Board.[2] McIntyre hung a flag bearing the message Hate Has No Home Here in his classroom.[3] The Flag displayed five hands holding heart-shaped icons representing, among other things, the American flag, a peace sign, different skin tones, and a rainbow Pride flag. The flag had hung in McIntyre's classroom for approximately four years without generating any complaints. McIntyre never incorporated the flag into the curriculum itself or used it as an instructional item. McIntyre displayed the Flag to express "legal, ethical, and moral" support for Little Miami's diverse student population among the myriad personal items he and other teachers displayed in their classrooms. His intent was to symbolize support for marginalized students who could be some of the most at-risk students. LMSD generally permits teachers to display personal items on the walls of their classrooms and teachers are given a lot of freedom to decorate classrooms.

In September 2025, Wallace came to McIntyre's classroom early one morning and took pictures of the Hate Has No Home Here Flag. Months later, in February 2026, Wallace contacted the Superintendent requested that McIntyre take down the Hate Has No Home

[2] The record in this case shows that LMSD has a history of animus towards the message that LGTBQ individuals are entitled to equal rights and that LGBTQ students at Little Miami High School were often subject to sexual harassment and slurs.

[3] The Hate Has No Home Here Flag is one of a number of displays in his classroom, including: a Bengals Flag; an American Flag; a flag with a quote from A Christmas Story; framed photographs of Presidents and civil rights leaders; a Rosie the Riveter poster and some Uncle Sam "I Want You" recruitment posters; West Virginia University flags; a batman poster; and pictures of his family.

Here Flag. The Superintendent communicated Wallace's request to the principal; the Principal and Superintendent both indicated that they would not order McIntyre to remove the Hate Has No Home Here Flag. The Board of Education later voted 4–1 to order the Hate Has No Home Here Flag's removal, claiming that the Hate Has No Home Here Flag constituted "sexuality content." The decision to remove the flag was not based on a finding of actual disruption to District operations or to McIntyre's performance of his duties.

This litigation followed.

McIntyre filed a complaint seeking declaratory and injunctive relief. McIntyre also filed a Motion for a Preliminary Injunction. The parties engaged in expedited discovery. McIntyre subsequently moved for summary judgment, along with a motion to accelerate and combine the trial on the merits in this case with an anticipated preliminary injunction hearing. Defendants later filed a cross-motion for summary judgment. The trial court granted Defendants' Motion for Summary Judgment, denied McIntyre's Motion, and entered judgment in favor of Defendants. The Court also denied the Motion for a Preliminary Injunction. Order, Doc.51.

### C. Expedited Consideration Is Necessary To Prevent Irreparable Harm To Appellant From the Loss Of Free Speech

Good cause for expedited consideration is shown by the irreparable harm Appellant will suffer in the absence of preliminary injunctive relief. This Court's rules generally provide for expediting appeals that arise from the denial of a motion for a preliminary injunction. *See* 6th Cir. R. 31(c)(2)(A) ("The court schedules expedited briefing

in the following cases: appeals from orders denying or granting preliminary injunctions"); 6th Cir. R. 34(c)(2) ("Where the court determines that a case of one of the types listed below is to be orally argued, argument will generally be expedited… appeals from orders denying or granting preliminary or temporary injunctions…"); 6th Cir. I.O.P. 28 ("In the following cases, this court directs the parties to file briefs on an expedited basis and then schedules an oral hearing or submission on briefs as soon as possible: … appeals from orders denying or granting preliminary or temporary injunctions…").

In this case there is good cause to expedite the appeal in accordance with the Court's rules and practice. Plaintiff claims that his constitutionally guaranteed free speech rights were violated and that, in the absence of relief, he would suffer irreparable harm. The violation of constitutional rights is presumed by this Court to constitute irreparable harm, *Overstreet v. Lexington-Fayette Urb. Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). This Court recently reaffirmed this principle, noting that it is "'well-settled' that even short deprivations of First Amendment freedoms 'unquestionably constitute[] irreparable injury,'" *Dutton v. Shaffer*, 171 F.4th 858, 880 (6th Cir. 2026), *quoting inter alia Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998). *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion).

**CONCLUSION**

The Court should expedite briefing and oral argument in this matter.

Respectfully submitted,

_____/s/ Joshua Adam Engel_______
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Suite 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

/s/ Joshua Adam Engel
Joshua Adam Engel (0075769)