**CASE NO. 26-4035**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**George McIntyre,**
*Plaintiff-Appellant,*

v.

**Little Miami School District, et al.,**
*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
Civil Action No. 1:26-cv-00351-MWM
Hon. Matthew W. McFarland, United States District Judge

# APPELLEES' RESPONSE TO APPELLANT'S MOTION FOR EXPEDITED BRIEFING AND ORAL ARGUMENT

/s/ Omar Tarazi
Omar Tarazi, Esq. (OH 0084165)
Counsel for Appellees
5635 Sandbrook Lane, Hilliard, Ohio 43026
Phone: (614) 226-2823
otarazi@tarazilaw.com

## APPELLEES' RESPONSE

Appellees Little Miami School District, et al., respond to Appellant's Motion for Expedited Briefing and Oral Argument (Doc. 6). Appellees do not oppose reasonable expedition even though Appellant has not demonstrated that expedition is necessary. They ask the Court to adjust the proposed briefing schedule and to account for a scheduling conflict when it sets oral argument.

1- **The rules Appellant cites do not require his schedule.** This appeal is from a final judgment. The district court granted Appellees summary judgment and denied Appellant's motion for a preliminary injunction as moot. (R. 51.) Therefore, the Court should treat this as a request to expedite a final-judgment appeal for good cause under 6 Cir. R. 27(f). See *Fouts v. Warren City Council*, No. 23-1826 (6th Cir. Oct. 4, 2023) (order) (finding no good cause where, among other things, the movant did not show a likelihood of success). Appellant relies on a presumption of irreparable harm from the loss of First Amendment freedoms. But the district court, applying *Garcetti v. Ceballos*, 547 U.S. 410 (2006), and *Evans-Marshall v. Board of Education*, 624 F.3d 332 (6th Cir. 2010), held that the First Amendment does not protect a teacher's expression

directed at students in the classroom pursuant to his official duties. (R. 51.) Appellant does not explain how he is likely to succeed in showing that the district court misapplied that body of law. Appellees nonetheless do not oppose a reasonable expedited schedule.

2- **Briefing.** Appellant proposes that Appellees' brief be due December 28, 2026. Appellees' counsel is traveling from December 19, 2026 through January 3, 2027. With the holidays and travel, Appellees request that their brief be due January 11, 2027, and that Appellant's reply be due January 19, 2027, or another date the Court prefers.

3- **Oral argument.** Appellant asks for argument the week of January 25 or February 1, 2027, and states that his counsel is unavailable on January 25. Appellees' counsel has a trial beginning January 29, 2027, expected to continue through February 2, 2027. Appellees request that argument not be set during that period and otherwise defer to the Court.

For these reasons, if the Court grants expedition, Appellees request that it set Appellees' brief due January 11, 2027, Appellant's reply due January 19, 2027, and oral argument on a date other than January 29 through February 2, 2027.

Respectfully submitted,

/s/ Omar Tarazi
Omar Tarazi Esq. (OH 0084165)
Counsel for Appellees
5635 Sandbrook Lane, Hilliard, Ohio 43026
Phone: (614) 226-2823
otarazi@tarazilaw.com

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 390 words. It complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it was prepared in a proportionally spaced 14-point typeface using Microsoft Word.

/s/ Omar Tarazi
Omar Tarazi Esq. (OH 0084165)

## CERTIFICATE OF SERVICE

I certify that on November 17, 2026, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system, which will send notice to all counsel of record.

/s/ Omar Tarazi
Omar Tarazi Esq. (OH 0084165)